■ In the Matter of the Arbitration between OTTO C. PRELLWITZ & SON, INC., Respondent, and 12–10 THIRTIETH AVENUE CORP., Appellant.— In a special proceeding to confirm an arbitrators' award in favor of a contractor, the owner of the land upon which the building in question was erected appeals from an order and judgment (one paper) of the Supreme Court, Queens County, entered August 5, 1965, which confirmed the award and denied the owner's cross motion to vacate said award. Order and judgment reversed on the law and the facts, without costs; and award remitted to the arbitrators for the purpose of clarification in conformity herewith. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Arbitration awards must be final and definite (CPLR 7511, subd. [b], par. 1, cl. [iii]). We are unable to determine from the record before us whether the arbitrators had been informed of certain mechanics' liens against the property and, if so, whether liens were to be satisfied out of the award to the contractor. We are similarly unable to determine whether the issue of the contractor's failure to protect the owner with a policy of liability insurance as required by their contract had been so submitted. Accordingly, the award is remitted to the arbitrators for the purpose of clarifying their award and to indicate their disposition with respect to these issues (see *Matter of Ritchie Bldg. Co. [Rosenthal]*, 9 A D 2d 880; *Matter of Weiss [Metalsalts Corp.]*, 15 A D 2d 46; *Matter of Jolson [Forest Labs.]*, 15 A D 2d 901). Upon such clarification, the parties may renew their respective motions. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD H. GRIFFITH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Nassau County, entered May 19, 1964 after a jury trial, convicting him of attempted robbery and attempted larceny (both in the first degree) of assault in the second degree and criminal possession of a gun as a felony, and imposing sentence. Judgment affirmed. The proof clearly established defendant's guilt. While there may perhaps have been several minor errors or improprieties in the course of the trial, they were plainly innocuous and nonprejudicial, and could not possibly have affected the outcome. Hence, they should be and are disregarded (Code Crim. Pro., § 542). Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.